[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11975
Non-Argument Calendar

_____

BIA No. A97-939-779

RENER BORNELUS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 6, 2007)**

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Rener Bornelus, pro se, petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. After review, we deny Bornelus's petition.

## I. BACKGROUND

Bornelus, a native and citizen of Haiti, filed an application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), contending that he was persecuted in Haiti on account of his political opinion.

According to Bornelus's application and hearing testimony, he operated a store with his brother in City Soliel, Haiti. In April 2003, while Bornelus was out buying goods for the store, a group known as the "Chimere" entered the store, killed his brother and burned the store down.

The Chimere is an armed gang linked to the Fanmi Lavalas Party supported by former President Jean-Bertrand Aristide. The Chimere killed Bornelus's brother because he was involved in politics and opposed the Fanmi Lavalas Party.

The Chimere then fired shots in the air and told witnesses outside the store that if the Chimere found Bornelus, they would kill him because they believed Bornelus would seek revenge for his brother's death. Some of the witnesses found Bornelus at his warehouse and told him of his brother's death and the Chimere's death threat. Bornelus immediately went into hiding and fled to the United States.

At the asylum hearing, Bornelus testified that he was not involved in politics

2

and was unaware of his brother's political involvement before the April 2003 incident. Bornelus stated that he disliked politics and did not discuss politics with his brother. When asked why he felt the need to go into hiding if he was not involved in politics, Bornelus responded that the Chimere "were after me because they think that I would go to revenge, to get revenge for my brother."

The IJ denied Bornelus's application for asylum, withholding of removal and CAT relief. The IJ found Bornelus's testimony to be incredible. Alternatively, the IJ concluded that, even if he accepted Bornelus's testimony as true, the persecution alleged in Bornelus's story was not "on account of one of the five grounds set forth in the Act," but "is based upon a fear that someone would harm him because he would either report the crime or take revenge." The IJ found that Bornelus's story "is certainly not based upon political opinion or even an imputed political opinion . . . ." The IJ further found that "this respondent has absolutely no knowledge of any political opinion expressed by his brother, nor could he articulate any imputed or actual opinion his brother had expressed or was known to have been persecuted." Thus, the IJ concluded that Bornelus was not eligible for asylum or withholding of removal.[1]

---

[1]The IJ also concluded that Bornelus was not eligible for CAT relief. Bornelus makes only one passing reference to his claim for CAT relief in his appellate brief to this Court. Therefore, we do not address his CAT claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Bornelus appealed to the BIA. The BIA found that the IJ had clearly erred when he failed to provide a specific basis for his adverse credibility determination. Nonetheless, the BIA affirmed the IJ's decision, finding that Bornelus "did not demonstrate that the harm he fears is on account of an enumerated ground of persecution in the Act." The BIA explained that, although Bornelus claimed that he "will be targeted on account of an imputed political opinion, [Bornelus] testified that he feared harm from Lavalas Chimere, because they believed that he would seek revenge for his brother's death . . . ." The BIA concluded that "revenge or personal retribution does not constitute persecution on account of political opinion."

Bornelus filed this petition for review.

## II. DISCUSSION

On appeal, Bornelus argues that he suffered past persecution and has a well-founded fear of future persecution on account of an imputed political opinion because, after murdering his brother, the Chimere destroyed Bornelus's business and threatened his life.[2] The Chimere made the death threat because they believed

---

[2]Because the BIA's opinion adopted the IJ's decision as to Bornelus's failure to show that his fear of persecution was "on account of" a protected ground, we review the decisions of both the BIA and the IJ with regard to this issue. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal determinations de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review factual determinations under the substantial evidence test. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Under this highly deferential test, to reverse "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

4

that Bornelus would seek revenge for his brother's murder. Bornelus argues that, in Haiti, political opinions are "oftentimes expressed through violence," and vengeance "is political expression." According to Bornelus, an act of vengeance by him "would be considered a political act by Chimeres."

To establish asylum eligibility, an applicant must, with specific and credible evidence, establish: (1) past persecution on account of a statutorily listed ground, or (2) a well-founded fear that the statutorily listed ground will cause future persecution. 8 C.F.R. § 208.13(a),(b); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). If an asylum applicant establishes past persecution on a protected ground, he is presumed to have a well-founded fear of future persecution and the burden shifts to the government to demonstrate that either conditions in the home country have changed or the applicant could avoid persecution by relocating within the home country and that relocation is reasonable. 8 C.F.R. § 208.13(b)(1)(i)(A)-(B).[3]

It is well-settled that persecution on account of political opinion "'is persecution on account of the victim's political opinion, not the persecutor's.'"

---

[3]To establish eligibility for withholding of removal, the applicant must show that it is more likely than not that "his or her life or freedom would be threatened in the proposed country of removal" on account of a protected ground. 8 C.F.R. § 208.16(b); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). As with asylum, an applicant for withholding of removal who establishes past persecution is presumed to have a well-founded fear of future persecution and the same burden shifts to the government. 8 C.F.R. § 208.16(b)(1).

Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437-38 (11th Cir. 2004) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S. Ct. 812, 816 (1992)).  A political opinion may be imputed if the persecutors mistakenly attribute a political opinion to the asylum applicant "and then persecuted him because of that mistaken belief about his views."  Al Najjar, 257 F.3d at 1289 (brackets omitted).  To warrant a reversal of a finding that an alien failed to demonstrate a sufficient nexus between the alleged persecution and the alien's actual or imputed political opinion, "we must be compelled to find that the alien will be persecuted 'because of' his political opinion."  Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (quoting Elias-Zacarias, 502 U.S. at 483, 112 S. Ct. at 816).

Here, the IJ found that there was no nexus between the alleged persecution or the fear of future persecution and Bornelus's political opinion.  After review, we conclude that the record does not compel a finding to the contrary.

Because we take Bornelus's testimony as true, we do not doubt that the Chimere killed Bornelus's brother on account of his brother's political opinion.  However, it is Bornelus's political opinion, not his brother's, that must have motivated the alleged persecution for Bornelus to be eligible for asylum and withholding of removal.  Bornelus admits that he was politically neutral in Haiti and does not claim persecution because of his actual political opinion.

Instead, Bornelus contends that he was persecuted for an imputed political

6

opinion.  However, Bornelus does not claim that the Chimere mistakenly believed that he shared his brother's political opinion.  Indeed, it is undisputed that the Chimere's interest in Bornelus results not from a belief that Bornelus holds political views, but from a belief that Bornelus wants to avenge his brother's murder.  The Chimere targeted Bornelus to prevent him from carrying out that perceived threat.  Such a motive is not one that is "on account of" Bornelus's imputed political opinion.

Bornelus's perceived desire for revenge is similar to an asylum applicant's refusal to cooperate with a guerrilla group, as both are forms of resistance that an asylum applicant, such as Bornelus here, may engage in without any political motivation on the applicant's part.  The Supreme Court and this Court have held that persecution because of resistance to or refusal to cooperate with a guerrilla group alone is insufficient to satisfy the nexus requirement.  See Elias-Zacarias, 502 U.S. at 481-82, 112 S. Ct. 815-16 (refusal to join guerrilla forces); Rodriguez Morales, 488 F.3d at 890-91 (refusal to provide dental services to guerrillas); Rivera v. U.S. Att'y Gen., 487 F.3d 815, 821-22 (11th Cir. 2007) (refusal to pay guerrillas' war tax); Sanchez, 392 F.3d at 438 (refusal to meet with and cooperate with guerrillas).

For example, in Elias-Zacarias, the Supreme Court concluded that being targeted because one resists being recruited by a guerrilla group is not persecution

7

"on account of" political opinion. 502 U.S. at 482, 112 S. Ct. at 816. The Supreme Court rejected the argument that the "mere existence of a generalized 'political' motive underlying the guerrillas' forced recruitment" established that the persecution was on account of political opinion. Id. The Supreme Court explained that the Immigration and Nationality Act requires the persecution to be on account of the victim's political opinion, not the persecutor's political opinion. Id.

The Supreme Court reasoned that "[e]ven a person who supports a guerrilla movement might resist recruitment for a variety of reasons – fear of combat, a desire to remain with one's family and friends, a desire to earn a better living in civilian life, to mention only a few." Id. at 482, 112 S. Ct. at 815-16. Because Elias-Zacarias had not presented evidence that his resistance was politically motivated or that "the guerrillas erroneously believed that Elias-Zacarias' refusal was politically based," the evidence did not compel a conclusion that the guerrillas would persecute him because of his political opinion. Id. at 482-83, 112 S. Ct. at 816.

Guided by Elias-Zacarias, we reject Bornelus's arguments that the act of revenge or vengeance is political expression per se and that the Chimere's preemptive harassment and death threat necessarily constitute persecution "on account of" political opinion. Even a person who supports the Chimere may seek revenge for a relative's murder for a variety of reasons, not least of which is the

8

personal desire to punish the murders or to see that justice is done. Bornelus did not present any evidence that the Chimere believe that his perceived desire for revenge is politically based. Bornelus's arguments to the contrary, there is no evidence in the record that the Chimere imputes a political opinion to anyone who seeks revenge or that they imputed a political opinion to Bornelus in particular based on his perceived desire for revenge for his brother's murder. See Elias-Zacarias, 502 U.S. at 482, 112 S. Ct. at 816 (noting that there was no indication in the record that "guerillas erroneously believed that [the asylum applicant's] refusal was politically based"). The only evidence in the record as to the Chimere's motive vis-a-vis Bornelus is that the Chimere believe Bornelus will seek revenge. This evidence is insufficient to compel a conclusion that the Chimere have targeted Bornelus on account of an imputed political opinion.

Absent evidence that the Chimere believed Bornelus's desire for revenge was political rather than personal, the vendetta upmanship alleged by Bornelus is more consistent with acts of private violence or criminal activity that do not provide the required nexus. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) ("[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground.").

For these reasons, the record does not compel a conclusion that Bornelus has been persecuted or has a well-founded fear of future persecution on account of his political opinion.[4]

**PETITION DENIED**.

---

[4]Because the record does not compel a finding that Bornelus was persecuted on account of his political opinion, the record also does not compel a finding that Bornelus satisfied the more stringent standard applicable to a claim of withholding of removal.  See Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006), cert. denied, ___ U.S. ___, 127 S. Ct. 1124 (2007).